UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BOBBY MONTGOMERY )
 )
v. ) NO. 2:04-CV-386
 )
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

**MEMORANDUM OPINION**

The plaintiff Bobby Montgomery has filed a motion for a judgment on the pleadings on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits and supplemental security income under the Social Security Act. The defendant has filed a motion for summary judgment.

Mr. Montgomery was born in 1960 and was 44 years old at the time of his administrative hearing. [Tr. 13, 47]. He graduated high school and has relevant past work experience as a press operator and forklift operator. [Tr. 13, 193]. Mr. Montgomery alleges he is disabled as of August 4, 2002, from a lack of cartilage in his left knee, torn cartilage in his left shoulder, back pain, depression, and anxiety. [Tr. 13]. Based upon a finding that his impairments were severe but not severe enough, the Administrative Law Judge [ALJ] found that Mr. Montgomery was not

disabled as defined by the Social Security Act. [Tr. 12].

At Mr. Montgomery's administrative hearing held on May 6, 2004, the testimony of Mr. Montgomery and vocational expert Cathy Sanders was received into evidence. [Tr. 186-200]. Mr. Montgomery testified he worked as a printing press runner and electrician at the Kingsport Press from 1984 until the plant closed in 2002. [Tr. 186, 187, 195-96]. In June 2001, he was involved in a vehicle accident which caused him to reduce his work hours. [Tr. 187]. Mr. Montgomery testified his main obstacles to working were pain in his back, left knee, and left shoulder, manic depression with a bipolar disorder, and anxiety attacks. [Tr. 188-90].

Vocational expert Cathy Sanders testified next. [Tr. 197-199]. Ms. Sanders classified Mr. Montgomery's past relevant work as light and semiskilled and heavy and skilled. [Tr. 197]. She was then asked to assume a man of Mr. Montgomery's age, education, and work background who was restricted to light work (lifting no more than 20 pounds occasionally and 10 pounds frequently) and only simple, low stress jobs that would not require him to interact with the general public. [*Id.*]. Ms. Sanders indicated such a person could work as a cleaner, food preparer, non-construction laborer, and vehicle washer. [*Id.*]. If such a person also could not stand or walk for prolonged periods of time, there would not be a significant number of jobs he could perform. [Tr. 198]. Finally, if such a person could stand/walk for two hours

total in an eight-hour day (and only 20 minutes at a time), sit for three hours total in an eight-hour day (and only 30 minutes at a time), was restricted in his ability to push, pull, and drive, and could not stoop, crouch, or kneel, there would not be a significant number of jobs available. [Tr. 199].

The ALJ ruled that Mr. Montgomery was not disabled because his severe impairments of a torn rotator cuff in his left shoulder, anterior cruciate ligament pain, a tear of the left knee, chronic low back syndrome, anxiety, and depression were not severe enough under the Regulations. [Tr. 16]. The ALJ then determined Mr. Montgomery retained the residual functional capacity [RFC] to perform "simple light work that does not require working with the public." [Tr. 17]. The ALJ found that Mr. Montgomery could work as a non-construction laborer, cleaner, food preparer, and vehicle washer. [Tr. 19].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

3

Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Montgomery requests a judgment on the pleadings and challenges the ALJ's finding that he could perform simple light work that did not require working with the public. Specifically, Mr. Montgomery challenges the ALJ's contention that there are a significant number of jobs in the national economy that he can perform. At Mr. Montgomery's administrative hearing, the vocational expert testified in response to a question from the ALJ that there were 4,200 jobs in the local area and 450,000 jobs in the national economy that Mr. Montgomery could perform. [Tr. 197]. The vocational expert also testified that if Mr. Montgomery could only stand/walk for two hours total in an eight-hour day (and only 20 minutes at a time), sit for three hours total in an eight-hour day (and only 30 minutes at a time), was restricted in his ability to push, pull, and drive, and could not stoop, crouch, or kneel, he would be unable to perform a significant number of jobs. [Tr. 199]. Mr. Montgomery would like this court to adopt the vocational expert's opinion that no jobs could be performed. However, this opinion is prefaced on the court also adopting the medical opinions of Dr. Arthur Boyd, the person who made those recommendations. However, as noted in the next section, this court cannot adopt the

4

opinions of Dr. Boyd. Consequently, the ALJ did not err in his assessment that there was a significant number of jobs in the national economy that Mr. Montgomery could perform.

Finally, Mr. Montgomery argues that the ALJ improperly disregarded the opinion of his treating physician, Dr. Boyd. Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

In April 2004, Dr. Boyd limited Mr. Montgomery to standing/walking for two hours total in an eight-hour day (and only 20 minutes at a time) and sitting for three hours total in an eight-hour day (and only 30 minutes at a time). [Tr. 173-74]. Dr. Boyd also restricted Mr. Montgomery's ability to push, pull, and drive, and the doctor indicated Mr. Montgomery could not stoop, crouch, or kneel. [Tr. 172]. According to the ALJ, these limitations of Dr. Boyd's were not well-supported by the evidence. [Tr. 17]. For example, Dr. Boyd's office notes stated that in 2002 Mr. Montgomery's back was "feeling much better" and that his knee pain had improved greatly. [*Id.*]. Further office notations indicated additional relief from back and neck pain. [*Id.*].

5

And, Dr. Boyd indicated that Mr. Montgomery's knee and back pain could improve even more with rest, exercise, and medication. [*Id.*]. In addition, Dr. Boyd indicated that these limitations applied to Mr. Montgomery before 1996. [Tr. 171]. More than six years later, however, Mr. Montgomery was continuing to work over 80 hours a week. [Tr. 108]. In fact, only two months before he allegedly became disabled, Mr. Montgomery was working about 56 hours a week. [Tr. 106-07].

The ALJ also found Dr. Boyd's limitations to be inconsistent with other reliable evidence in the record. For example, Dr. David Thomas reviewed the medical evidence in the record and opined that Mr. Montgomery could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, and stand/walk/sit for about six hours in an eight-hour workday. [Tr. 145]. Also, Mr. Montgomery testified at his administrative hearing that he stopped working because the Kingsport Press closed down and not because he could no longer perform the job. [Tr. 196]. In addition, Mr. Montgomery's own recitation of his daily activities–shopping, driving, attending church, playing with his children, taking out the trash, reading, watching television, and visiting family–belied Dr. Boyd's limitations. This court finds the ALJ's decision not to wholly accept the limitations placed on Mr. Montgomery by Dr. Boyd was based in substantial evidence.

After careful consideration of the entire record of proceedings related to this

case, Mr. Montgomery's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

                                        s/Thomas Gray Hull
                                        THOMAS GRAY HULL
                                            SENIOR U. S. DISTRICT JUDGE

7

Case 2:04-cv-00386   Document 14   Filed 08/17/05   Page 7 of 7   PageID #: 10